67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth A. TAYLOR, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-5157.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Ruth A. Taylor appeals a district court judgment affirming the Secretary's denial of her applications for social security disability insurance benefits and for supplemental security income benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Taylor filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that she suffered from back pain, an unstable knee, and an enlarged kidney. Following a hearing, an Administrative Law Judge (ALJ) determined that Taylor was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Taylor then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Taylor's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Taylor feels that the Secretary erred by disregarding her subjective complaints of pain and her psychological conditions. The ALJ properly rejected Taylor's subjective complaints of disabling pain, see Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam), and Taylor did not present objective evidence that she was suffering from a condition that would cause disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). The opinions from Drs. McClure, McCutchy, and Smith establish that Taylor can perform sedentary work.
 
 
 7
 Taylor contends that 640 jobs in the local economy is not a substantial number of jobs. However, 500 jobs in a regional economy represents a significant number of jobs. See Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir.1988). Taylor's remaining arguments are meritless as the record clearly establishes that Taylor can perform sedentary work with some restrictions. Based on these restrictions, a vocational expert testified that Taylor could perform a substantial number of jobs in the local economy. Thus, the Secretary's decision is supported by substantial evidence.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation